# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

## COMPLAINT FORM

Renard C Robinson

Full name(s) of Plaintiff(s)
(Do not use *et al.*)

v.

Sikorsky Financial Credit Union

Case No. 3:21cv 874(SRU)
(To be supplied by the Court)

Full names of Defendant(s)
(Do not use *et al.*)

### A. PARTIES

1. Renard C Robinson is a citizen of Connecticut who
   (Plaintiff)                            (State)
   presently resides at 817 Naugatuck Ave Milford, CT 06461
                           (mailing address)

2. Defendant Sikorsky Financial Credit Union is a citizen of Connecticut
            (name of first defendant)                (State)
   whose address is 100 Oronoque Ln Stratford, Ct 06461

3. Defendant _____ is a citizen of _____
                    (name of second defendant)                                (State)

whose address is _____.

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's identity and complete address.)

## B. JURISDICTION

The jurisdiction of this court is invoked pursuant to: (list statute(s))

FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C § 1692 ("FDCPA")

FAIR CREDIT REPORTING ACT 15 U.S.C § 1681s-2 ("FCPA")

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case.

NOW Plaintiff brings this action for damages pursuant to FAIR DEBT COLLECTION PRACTICES ACT "FDCPA" under 15 U.S.C §1692, as well as FAIR CREDIT REPORTING ACT 15 U.S.C § 1681s-2, for the Defendant, Sikorsy Finacial Credit Union Vilotions of.

Defentant Sikorsky Financial Credit Unoin has been reporting inaccurate and incomplete information regarding Plaintiffs account to the big 3 credit reporting agencies: TransUnion, Equifax, and Experian, for over 24 months. Each of the aforementioned agencies, are "Consumer Reporting Agencies" as defined in 15 U.S.C § 1681(f). Upon information and beleif, each of the aforementioned agencies disburse consumer reports to third parties. Therefore, Defendant Sikorsky Financial Credit Union has through these agencies, furnished innaccurate misleading representation to all of Plaintiffs potential lenders and financial partners, on multiple occasions, while trying to collect a debt. As a result of the Defendant, Sikorsky Financial Credit Union's defamation conduct, actions and/or inactions, plaintiff sufferd damage of by loss of time, and monies due to plaintiffs attemps to correct the inaccurate information; loss of credit; loss of the ability to purchase and benefit from credit (examples attached in Exhibits 10-12,14); increased interest rates; and the mental and emotional pain, distress, anguish, anxiety, anger, worry, fear, humiliation, embarrassment, and frustration of credit and financial institution account denials.

## D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities or my rights under a federal statute have been violated and that the following facts form the basis of my allegations: (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

**Claim I:** Fair Debt Collection practices act U.S.C § 1692(e) §807 "Fasle or mimisleading Representations"

VIOLATION §807 (a) "The character amount, or legal status of any debt.."

Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

Defendant Sikorsky Finacial Credit Union has furnished incomplete and incorrect information of diffent amounts to all 3 credit bureaus on multiple occasions. The attached exhibits, display credit report & report disputes documentation of "BALANCE" changing from $1,237 to $1,238 and back, multiple times while "PAST DUE BALANCE", is stated $1,237 in dispute results on 10/16/19 (exhibit 1) then only to report "PAST DUE BALANCE" $250 as of 8/10/20 ,then changes to $350 as of 12/21/20, to $375 as of 1/12/21, to $425 as of 5/01/2021. (exhibits 1-8) This Information has been disputed by Plaintiff and never corrected.

**Claim II:** Fair Debt Collection practices act U.S.C § 1692(e) §807 "Fasle or mimisleading Representations"

VIOLATION §807 (10) "The use of any false representation or deceptive means to collect or attempt to collect debt.."

Supporting Facts:

-Defendant Sikorsey Financial Credit Union closed this account in May of 2019 (5/19); to date, the current account and payment status is closed and charged off, yet Defendant has still intentionally furnished a negative report over the past 24 months, in the INCORRECT "PAST DUE.." amounts of $250, $350, $375 & $425,  as well as reported both a $1,237 and $1,238 BALANCE, which is a 123% usage rating that critically damages Plaintiffs credit profile.
(See exhibit 9 for real closed account example)
-Defendant also is reporting different last payment dates of 10/10/18 for Transunion and experian while reporting a last payment date of 9/1/16 to Equifax.
(See exhibit 6) Plaintiff disputed this information and it was never corrected.

## E. REQUEST FOR RELIEF

WHEREFORE, plaintiff demands: (state the relief you seek)

The Defandant Sikorsky Financial Credit Union immediately and actually, close, cancel and forgive any and all outstanding debts against Plaintiff. Most importantly, debt being reported to the credit reporting agencies Transunion, Equifax and Experian regaurding the account begining with 402888xxx. The defamaition, conduct and actions of Defendant, Sikorsky Financial Credit Union, were willful, deliberate, intentional, and/or with reckless disregard for the interest and rights of Plaintiff such as to justify that this court award Statutory, Acutal and Punitive damages agaist the Defendant to Plaintiff Renard C Robinson; Award plaintiff the cost of this action pursuant to "FDCPA" 15 U.S.C §1692 §813 "Civil Liability" (2)(A) Per Violation, per month of violations (24), and and pursuant to "FCRA" §616 "Civil Liability for willful noncompliance" 15 U.S.C § 1681n, A(1)(2), as well as §617 "Civil liability for negligent noncompliance" 15 U.S.C §1681o, and grant all such additional relief the court deems appropriate.

## F. JURY DEMAND

Do you wish to have a jury trial?  Yes X              No

_____
Original signature of attorney (if any)

_____
Printed Name

( )
Attorney's full address and telephone

Email address if available

*Plaintiff's Original Signature*

Renard C Robinson
Printed Name

817 Naugatuck Ave
Milford, Ct 06461

(203) 913-1447
Plaintiff's full address and telephone

Rcrobinson224@yahoo.com
Email address if available

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at  Milford, CT  on  6/25/21 .
              (location)              (date)

_____
Plaintiff's Original Signature

(Rev.3/29/16)

5

# D. CAUSE OF ACTION

**Claim 3:**
**"FAIR DEBT COLLECTION PRACTICES ACT" 15 U.S.C §1692(f)**
**§808 "UNFAIR PRACTICES"**
**VIOLATION** §808 (1) "The Collection of any amount (including interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

Defendant claims the "Balance" was $1,237 as of 10/19, then $1,238 as of 12/21/20, when Plaintiffs original principal obligation was only for a $1,000 line of credit. Defendant then also reported that the "past due balance" was $250 on 8/10/20 then increased it to $350 on 12/21/20 and $375 on 1/12/21 only to further increase it to $425 as of 5/1/21. (See Exhibits 1-8) The Defendant is trying to collect incidental fees to the principle obligation, after the account has been closed to get to a "Balance" of $1,238 as well as the incorrect "past due balance" of $425. Plaintiff Disputed this information and it was never corrected.

**Claim 4:**
**"FAIR DEBT COLLECTION PRACTICES ACT" 15 U.S.C §1692(e)**
**§807 "FALSE OR MISLEADING REPRESENTATION"**
**VIOLATION** §807 (8) "Commuting or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

Defendant has communicated this false, inaccurate information to the 3 major credit reporting agencies for over 24 months. Yet, Defendant has has still failed to furnish the fact that this debt has been disputed by Plaintiff, multiple times.
*(Exhibit 1 & 3 attached are Dispute Results. Exhibit 8 is an example of what Defendants reports are intentionally missing.)*

## D. CAUSE OF ACTION

### Claim 5:
### FAIR DEBT COLLECTION PRACTICES ACT U.S.C 15 § 1692(e)
### §807 "FALSE OR MISLEADING REPRESENTATION"
### VIOLATION § 807(14)

"The use of any business, company, or organization name other than the true name of the debt collectors business, company or organization"

Defendant Contacted Plaintiff through a Company/Business other than themselves in attempt to collect Debt. This Company admitted to being a debt collector by furnishing on their letter, the fact that they were attempting to collect a debt, and that the communication was from a debt collector. (See Exhibit 13)

### Claim 6:
### FAIR CREDIT REPORTING ACT U.S.C § 1681s-2
### § 623 "RESPONSIBILITY OF FURNISHERS OF INFORMATION TO CONSUMER REPORTING AGENCIES"
### VIOLATION § 623 A) 1(a&b) 2(b) & 3

A "Duty of furnishers of information to provide accurate information"
1 "Prohibition"
2 "duty to correct and update information
3 "duty to provide notice of dispute"

After Multiple Disputes, Defendant, Sikorsky Financial Credit Union, has been well aware of these mistakes, inaccuracies, and the incorrect reporting of the Plaintiffs credit profile, being reported to the 3 major reporting agencies. Defendant has willfully neglected and ignored their duty as a furnisher of information to correct and update Plaintiffs incomplete and incorrect account reporting. While not only neglecting to correct this information, defendant also failed provide notice to the aforementioned agencies, that Plaintiff has actually made multiple disputes on this accounts reporting.
(*Exhibit 1 & 3 attached are Dispute Results. Exhibit 8 is an example of what Defendants reports are intentionally missing.*)