IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Renard C. Robinson, <br>     Plaintiff, <br> v. <br><br> SIKORSKY FINANCIAL CREDIT UNION, INC. <br>     Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CASE NO: 3:21-cv-00874-SRU <br><br><br><br><br><br> September 2, 2021 |

**DEFENDANT'S MOTION TO SET ASIDE DEFAULT**

The Defendant, Sikorsky Financial Credit Union, Inc. ("Sikorsky"), in the above-captioned matter, files this Motion to Set Aside Default. Sikorsky requests that the Court set aside the default entered against it August 12, 2021. The Court should set aside the default because this matter was not properly served in accordance with Federal Rule of Civil Procedure 4(h)(B) upon "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process…" In the alternative the Court should set aside the default because (1) the default was not willful; (2) setting aside the default will not prejudice *pro se* Plaintiff Renard Robinson; and (3) Sikorsky has a meritorious defense to the Plaintiff's Complaint.

    I.      **INTRODUCTION**

The Plaintiff commenced this matter through service on Kristie DiGianvittorio, a Member Service Representative for Sikorsky. A member service representative is neither an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service or process and therefore the service should be deemed ineffective. Assuming arguendo that service is deemed effective, which

1

Sikorsky does not concede, the default should still be set aside because it was not willful, will not prejudice the Plaintiff, and will allow Sikorsky to put forth meritorious defenses to the Complaint.

## II.     ARGUMENT

The court should set aside the default because the Plaintiff failed to effectively serve the Defendant, or alternatively because (1) the default was not willful; (2) setting aside the default will not prejudice the Plaintiff; and (3) Sikorsky has meritorious defenses to the Plaintiff's claims.

### A.     Plaintiff Did Not Properly Serve Sikorsky

Federal Rule of Civil Procedure 4(h) sets forth the manner and method in which service of a summons and complaint shall be made on a Corporation. The first method of service would be to make service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1). The Plaintiff did not make service in accordance with the laws of Connecticut as this matter was not served by a "State Marshal, a constable or other proper officer authorized by statute." Conn. Gen. Stat. § 52-50.[1] A review of the State Marshal directory does not list the process server Anthony Esposito as a State Marshal and his Proof of Service only lists his designation as a Process Server. As a general Process Server is not authorized by

---

[1] Conn. Gen. Stat. §52-50(a): Persons to whom process shall be directed. (a) All process shall be directed to a state marshal, a constable or other proper officer authorized by statute, or, subject to the provisions of subsection (b) of this section, to an indifferent person. A direction on the process "to any proper officer" shall be sufficient to direct the process to a state marshal, constable or other proper officer. Conn. Gen. Stat. §52-50(b) is inapplicable as it only applies to matters with "more defendants than one are named in the process and are described to reside in different counties in the state…"

2

Conn. Gen. Stat. § 52-50, this matter was not properly served in accordance with Connecitcut law rendering Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1), inapplicable in this matter.

We next turn to Federal Rule of Civil Procedure 4(h)(1)(B) which specifically enumerates the parties authorized to accept service of process. Under the Rule "a copy of the summons and of the complaint must be served on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Quite simply a Member Service Representative is not of the class of people eligible to receive service under Fed. R. Civ. P. 4(h)(1)(B). As it appears proper service has not been made, the default should be set aside.

### B. It is appropriate to set aside the Default Regardless

Even if failure to properly serve the Plaintiff does not warrant setting aside the default automatically, this court should do so because the default (1) was not willful; (2) will not prejudice the Plaintiff; and (3) Sikorsky has a meritorious defense to the claims.

*i. Motion to Set Aside Default Standard*

Federal Rule of Civil Procedure 55(c) specifies that the requisite basis to set aside default is "good cause." Although the rule does not define "good cause," the Second Circuit has stated that "[i]n determining whether to set aside a party's default, the district court should consider principally '(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented.'" *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d

Cir. 2001) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)). Additionally, "[b]ecause there is a 'preference for resolving disputes on the merits,' doubts 'should be resolved in favor of the defaulting party.'" Id. (quoting *Enron Oil Corp.*, 10 F.3d at 96); see also *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) (per curiam) (In general, "[d]efaults are not favored, particularly when the case presents issues of fact, and doubts are to be resolved in favor of a trial on the merits."). "While courts are entitled to enforce compliance with the time limits of the Rules by various means," default is viewed as an "extreme sanction," one to be treated as "a weapon of last, rather than first, resort." *Meehan*, 652 F.2d at 277 (citations omitted).

"In determining whether to set aside a default, the court also considers such equitable factors as 'whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result.'" *Sardarian v. Fed. Emergency Mgmt. Agency*, No. 3:19-CV-910 (CSH), 2019 WL 8331535, at *2 (D. Conn. Oct. 22, 2019) (quoting *Enron Oil Corp.*, 10 F.3d at 96). "Moreover, in reaching a conclusion regarding 'good cause,' the court must construe the criteria 'generously' as a 'reflection of [the Second Circuit's] oft-stated preference for resolving disputes on the merits." Id. at *2 (quoting *Enron Oil Corp.*, 10 F.3d at 95–96).

### ii.   Sikorsky's Default Was Not Willful

The Second Circuit interprets willfulness in the default judgment context "to refer to conduct that is more than merely negligent or careless." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). A default, therefore, may be found to be willful only "where the conduct of counsel or the litigant was egregious and was not satisfactorily explained."

*Id*. Sikorsky was at most negligent or careless and its failure to respond can be satisfactorily explained. First, as the Pacer System will show Sikorsky, a local community credit union, is rarely named as a defendant in Federal litigation. As being named in Federal litigation is a rarity there was a breakdown between counsel and Sikorsky which led to the slight delay in making appearance to this court. When Sikorsky received the Motion for Default judgment and it became apparent the matter was proceeding, Sikorsky routed the August 31, 2021 motion to its counsel who immediately filed appearance on behalf of Sikorsky and the instant motion. The failure to appear earlier in this matter does not remotely rise to the level of willfulness which would preclude this court from setting aside the default.

        iii.    *Setting Aside the Default Will Not Prejudice Plaintiff*

Plaintiff just recently filed suit on this matter June 25, 2021. As stated above the slight delay in the Defendant making appearance in this matter was not willful. The Plaintiff has brought this action with the knowledge that it would and should be ruled on its merits. By setting aside the default the court would be placing the parties in exactly the same position they would be in had an appearance been timely made. There is simply no prejudice to the Plaintiff in the short delay of this matter and the harsh out come to the Defendant would create significant harm.

        iv.    *Sikorsky Has a Meritorious Defense to the Complaint*

The Court should set aside the default because the Plaintiff fails to state a claim upon which relief can be granted. The Plaintiff's Complaint alleges five claims that Sikorsky violated the Fair Debt Collection Practices Act (FDCPA) and one claim that it

violated the Fair Credit Reporting Act (FCRA).  On their face the five FDCPA claims must fail because it is not alleged and Sikorsky is not (1) a person whose principal purpose is to collect debts; (2) or a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector.  15 U.S.C. §1692a(6).  Put simply Sikorsky is a creditor and not a debt collector as defined by the FDCPA.  As such the statute is inapplicable.

In addition, the sixth claim under the FCRA while not currently presented in a manner in which the Defendant can properly frame response it appears on its face that the Plaintiff does not set forth the elements required to attach liability under 15 U.S.C. § 1681S-2.  As such Sikorsky will present meritorious defense(s) to that claim as well because it does not appear that the Plaintiff has stated a claim upon which relief may be granted.

**III.    CONCLUSION**

Sikorsky requests the court set aside the default entered against it August 12, 2021 because of defect in the service of process, and because it is demonstrated that the default (1) was not willful; (2) will not prejudice the Plaintiff; and (3) Sikorsky has meritorious defenses to the claims presented.  Sikorsky respectfully prays that this matter be allowed to proceed on its merits.

        THE DEFENDANT
        SIKORSKY FINANCIAL CREDIT UNION, IN.C


By:   /s/ *William L. Marohn*
       William L. Marohn of
       TOBIN & MAROHN
       Federal Bar No.: ct29265
       538 Preston Avenue, Suite 270
       Meriden, Connecticut 06450
       Tel: (203) 777-6660
       Fax: (203) 643-2273
       wlmarohn@tm-ctlaw.com

## CERTIFICATION

This is to certify that on September 2, 2021, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        /s/ *William L. Marohn*
William L. Marohn of
TOBIN & MAROHN
Federal Bar No.: ct29265
538 Preston Avenue, Suite 270
Meriden, Connecticut 06450
Tel: (203) 777-6660
Fax: (203) 643-2273
wlmarohn@tm-ctlaw.com